541 So.2d 1036 (1989)
In re Inquiry Concerning Justice Court Judge William E. (Bill) BAILEY.
No. 89-CC-00029.
Supreme Court of Mississippi.
March 29, 1989.
*1037 Luther T. Brantley, III, Jackson, for petitioner.
Percy L. Lynchard, Jr., Hernando, for respondent.
EN BANC
ROBERTSON, Justice, for the Court:

I.
Before the Court this day is a justice court judge charged by the Commission on Judicial Performance with judicial misconduct, the forms of which include ordering a woman imprisoned for non-payment of a civil debt. Ignorance of the law is even less an excuse for a judge than for a private citizen. As this is the judge's first offense and there appears no imputation of personal profit or other improper motive, we impose a less than capital sanction. The judge shall stand publicly reprimanded and admonished in the strongest possible terms to learn the law and administer his office in strict conformance therewith.

II.

A.
These proceedings concern William E. (Bill) Bailey, Justice Court Judge, Place One, DeSoto County, Mississippi. Judge Bailey commenced his present term of office in January of 1988. He had previously served as Justice Court Judge from January 1980 to January 1984.
We are concerned with Judge Bailey's handling of two unrelated cases appearing on the docket of his court.

1.
On May 9, 1988, Roland L. Temple commenced a civil action in the Justice Court of DeSoto County, Mississippi, by filing a general affidavit. Temple named as defendant one Louise Brown and sought her eviction from property he owned, plus $226.47 past due rent as of May 9, 1988, and $16.08 per day thereafter. Temple paid court costs of $33.50. The case was docketed in Civil Docket Book 54, page 87/1 and assigned to the Respondent Bailey for hearing and disposition. On May 10, 1988, the Justice Court issued a summons to Brown to appear on May 16, 1988, and answer Temple's suit. Brown was served May 10, 1988, by Constable Redden.
The Summons reflects that judgment was given May 16, 1988. An abstract of judgment, signed by Respondent Bailey, reflects a judgment in favor of Temple for "Past Due Rent April until now $339.03 plus costs of $33.50" for a total of $372.53. Above these figures is written "$16.08 per day to be added after May 16th," presumably rent that would continue to accrue notwithstanding Brown's eviction. This language is circled on the abstract of judgment.
On May 31, 1988, Respondent Bailey wrote Brown on Justice Court stationary, advising that Temple had come back into court and charged Brown with removing items from the property, plus damages to the house. Respondent told Brown she owed a grand total of $1,019.57, less earnest money of $300.00, for a balance of $719.57. Respondent instructed Brown to contact him or his clerk immediately and if she failed to do so he would issue a warrant for her arrest for contempt of court. A worksheet listing rents, court cost, locksmith, stolen items and damages, totaling $1,019.57 appears in the court file. Another worksheet, on the back of an Affidavit to Account form, shows a $608.58 balance.
On June 14, 1988, Respondent Bailey signed another abstract in this cause reflecting entry of a judgment for $908.58 in favor of Temple against Brown. That judgment consisted of $675.09 as debt, $199.99 as damages and $33.50 as costs, with $300.00 credit being given for earnest money; the balance is listed as $608.58.
At the bottom of the abstract is written:

 Cash bond 608.58 plus
 Constables fee 19.00
 ______
 Cash bond 627.59 (or)
 63 days in jail at 10.00 per day

On order of Respondent Bailey, Constable Redden on June 19, 1988, arrested Brown *1038 and placed her in jail. She was apparently thereafter released after posting bond.
The docket reflects the original judgment of May 16, 1988, for $372.53, with Respondent's signature. The original amount is lined out with $608.58 (6-14-88) added. It also reflects the May 31, 1988, letter to Brown and the revision of the judgment on June 14, 1988.

2.
On August 10, 1988, in an unrelated matter, a complaint was filed in the Justice Court of DeSoto County, Mississippi, pursuant to Miss. Code Ann. § 93-21-1, et seq., styled Teresa R. Mabry v. Paul E. Mabry, Sr. This cause was docketed at Docket 54, page 314/3; it was assigned to Justice Court Judge Ann Downen. Pursuant to said complaint, Judge Downen entered a temporary protective order on August 10, 1988. A copy of said order was personally served upon the defendant on August 10, 1988. On August 11, 1988, Judge Downen entered an order continuing the cause and transferring it to the Chancery Court of DeSoto County. On August 12, 1988, Respondent Bailey entered an order granting relief from the temporary protective order previously entered by Judge Downen at Docket 54, page 332/3.

B.
On August 24, 1988, the Commission on Judicial Performance filed a Formal Complaint charging the Respondent, William E. (Bill) Bailey, Justice Court Judge, Place One, DeSoto County, Mississippi, with judicial misconduct in violation of Miss. Const. Art. 6, § 177A (1890), as amended. By far the most serious charge was that Bailey had caused Louise Brown to be imprisoned for debt, contrary to Miss. Const. Art. 3, § 30 (1890).
On September 26, 1988, the Respondent Bailey filed an Answer to the Formal Complaint, admitting certain parts thereof, denying the remainder and denying that his actions constituted judicial misconduct.
On December 8, 1988, this cause came on for formal hearing before the Commission. Respondent Bailey appeared in person and through counsel. In due course, the Commission found that Respondent Bailey's conducts, as outlined above, violated Canons One,[1] Two[2] and Three[3] of the Code of *1039 Judicial Conduct of Mississippi Judges. The Commission recommended that Judge Bailey be publicly reprimanded.
The matter was docketed with this Court on January 6, 1989. Because of the seriousness of the charges, we ordered Bailey to show cause why he should not be removed from office.

III.
The facts are not in dispute. Respondent Bailey mishandled an eviction and past due rent case filed in the DeSoto County Justice Court by Ronald L. Temple against Louise Brown. There were various procedural irregularities from the very beginning, culminating with the Respondent Bailey threatening to have Brown arrested, changing the judgment, and ultimately having Brown arrested for failing to pay the civil judgment. Respondent Bailey also interfered or attempted to interfere with a case assigned to another DeSoto County justice court judge by entering an order purporting to grant relief from a temporary protective order previously entered by another judge.
There can be no doubt that Respondent Bailey engaged in judicial misconduct, warranting sanctions in accordance with Section 177A of the Mississippi Constitution. The Commission on Judicial Performance has recommended that he be publicly reprimanded. Bailey has acquiesced in the Commission's finding of judicial misconduct and, as well, its recommended sanction.
There are good reasons why our justice court judges must regard scrupulously the nature of their office. In the first place, most of our citizens have their primary, if not their only, direct contact with the law through the office of the justice court judge. See In re Garner, 466 So.2d 884, 887 (Miss. 1985). The perception of justice of most of our citizens is forged out of their experiences with our justice court judges. If these judges do not behave with judicial temperament and perform their duties according to the law and by reference to the process of adjudication, there seems little hope that our citizenry at large may understand and respect the legal process.
Some say this is unrealistic, that our Justice Court Judges for the most part have no formal training in the law. No doubt these public servants are at a disadvantage. The people have insisted only that each shall be a "high school graduate or have a general equivalency diploma." Miss. Const. Art. 6, § 171 (1890), as amended. Yet the time is at hand when we insist that our justice court judges be nothing less than just that  judges.
When a person assumes the office of Justice Court Judge in this state, he or she accepts the responsibility of becoming learned in the law. When such a person takes the oath of office, he or she yields the prerogative of executing the responsibilities of the office on any basis other than the fair and impartial and competent application of the law to the facts. The preservation of the rule of law as our last best hope for the just ordering of our society requires nothing less than an insistence by this Court that our justice court judges be in fact what they are in name: judges. See McCommon v. State, 467 So.2d 940, 944-45 (Miss. 1985); Lockett v. State, 517 So.2d 1317, 1322-23, 1341-42 (Miss. 1987).
These thoughts in mind, we turn to the matter of the sanction that ought here be imposed. That sanction ought fit the offense. Another obvious imperative is principled consistency with other like cases.
We have before us no evidence that Respondent Bailey acted with malice or other improper motive. There is no evidence that Bailey personally benefitted, as in having county prisoners perform work for him, In re Collins, 524 So.2d 553 (Miss. 1987), or in pocketing money not his, In re Stewart, 490 So.2d 882 (Miss. 1986); In re Garner, 466 So.2d 884 (Miss. 1985); In re Brown, 458 So.2d 681 (Miss. 1984); In re [William] Anderson, 451 So.2d 232 (Miss. 1984); and In re [Lloyd] Anderson, 412 So.2d 743 (Miss. 1982).
*1040 That Judge Bailey's misconduct was the product of ignorance may not operate to exonerate him. See In re [William] Anderson, where we wrote:
[A] judge may also, through negligence or ignorance, not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. The result is the same regardless of whether bad faith or negligence and ignorance are involved and warrants sanctions.
451 So.2d at 234. See also In re Baker, 535 So.2d 47 (Miss. 1988); In re Collins, supra, 524 So.2d at 556; In re Garner, supra; and In re [Lloyd] Anderson, supra. Still, lack of improper motive may be considered in mitigation. Misconduct through ignorance warrants sanctions, though not necessarily removal from office, particularly for a first offense.
The Commission has recommended a public reprimand. Though we are not bound by this recommendation  we proceed de novo, In re Collins, supra, 524 So.2d at 556-57, neither do we reject Commission recommendations, willy nilly. In re Garner, supra, 466 So.2d at 885; In re Brown, supra, 458 So.2d at 68; In re [Lloyd] Anderson, supra, 412 So.2d at 746. This is one of those occasions when we may defer to the Commission which had the benefit of personal observation of the demeanor and attitude of Respondent. Moreover, upon review we find that this Court has not yet removed a judge from office for a first offense where the judge has not profited in some way from his misconduct, although we certainly have authority to do so.
All things considered, we are of the view that Judge Bailey should be given a second chance. In the exercise of that chance, we direct that he display the temperament and impartiality and learning and competence that are synonymous with the idea of the judge in a society that accepts and is governed by the rule of law.
It is, therefore, ORDERED:
(a) That Justice Court Judge W.E. (Bill) Bailey, Place One, DeSoto County, Mississippi, shall be, and he hereby stands, publicly reprimanded in the form and manner provided by law;
(b) That this Order, together with the Opinion of the Court as herein above, shall be published in the Southern Reporter, Second Series, Mississippi Cases, as an official and permanent reprimand.
ORDER FOR PUBLIC REPRIMAND ENTERED
ROY NOBLE LEE, C.J. and HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
NOTES
[1] 1
A Judge Should Uphold the Integrity and Independence of the Judiciary.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
[2] 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities.
(A) A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
(B) A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
[3] 3
A Judge Should Perform the Duties of His Office Impartially and Diligently.
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.