646 So.2d 1319 (1994)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
Johnny C. HARTZOG.
No. 94-CC-00640.
Supreme Court of Mississippi.
December 15, 1994.
*1320 Luther T. Brantley, III, Jackson, for petitioner.
James K. Dukes, Hattiesburg, for respondent.
En Banc.
HAWKINS, Chief Justice, for the Court:
On March 23, 1992, the Mississippi Commission on Judicial Performance ("Commission") filed a complaint against Johnny C. Hartzog ("Hartzog"), a justice court judge from Jefferson Davis County, Mississippi. Hartzog filed an answer to the Commission's complaint on June 3, 1992, in which he denied the allegations in the complaint and specifically denied having committed any judicial misconduct. On July 30, 1992, Hartzog petitioned the Commission for a stay of the proceedings pending the outcome of a criminal trial which involved the allegations contained in the Commission's complaint. The Commission granted the stay on August 14, 1992.
On October 21, 1993, the Commission sought leave to amend its original complaint against Hartzog. An agreed order granting leave to amend was then filed with the Commission on February 1, 1994. In the amended complaint, the Commission presented two additional acts of alleged judicial misconduct by Hartzog. Hartzog filed an answer to the amended complaint on May 19, 1994, which denied any acts of judicial misconduct.
A hearing before a duly-appointed committee of the Commission was also held on May 19, 1994. Thereafter, an agreed committee report was filed by the Commission's counsel and Hartzog on June 10, 1994. After considering the committee's report, the Commission found that Hartzog had violated Canons 1, 2A, 2B, 3A(1), 3A(4), and 3B(1) of the Code of Judicial Conduct and Miss. Const. § 177A. On June 30, 1994, the Commission filed a joint petition with this Court, recommending that Hartzog be publicly reprimanded and assessed with the costs of the proceedings. We adopt the Commission's recommendation.

FACTS
On August 21, 1989, Hartzog notarized the signature of Hilton Ross ("Ross") on a quit-claim deed in his official capacity as justice court judge. According to the acknowledgement that Hartzog executed, Ross appeared before Hartzog and acknowledged his (Ross') signature on the deed. However, Ross did not actually appear before Hartzog and acknowledge his signature.
While acting in his official capacity as a justice court judge of Jefferson Davis County, Mississippi, Hartzog signed an order in an unnumbered case styled "State of Mississippi v. Gregory Swales," on February 19, 1992. The order directed that a prisoner, Gregory Swales ("Swales"), being held outside Jefferson Davis County be returned to the county for a hearing before the justice court. In fact, no case involving Swales was pending before the court, no petition was filed seeking the order that Hartzog entered, *1321 and the justice court conducted no hearing involving Swales.
On July 30, 1992, Hartzog executed an instrument styled, "Authorization to Remove Personal Property" on behalf on Glen Pennington ("Pennington"). At the time the instrument was executed, there was no case before the justice court of Jefferson Davis County to which Pennington was a party.

DISCUSSION
Under Miss. Const. § 177A, the Commission on Judicial Performance may recommend to this Court that a judge be disciplined for "willful misconduct in office" and "conduct prejudicial to the administration of justice which brings the judicial office into disrepute." The Code of Judicial Conduct states in relevant part:
CANON 1
A Judge Should Uphold the Integrity and Independence of the Judiciary
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2
A Judge Should Avoid Impropriety and the Appearance of Impropriety in All His Activities
A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
B. A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him... .
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
....
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding... .
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
In the case of In re [Lloyd] Anderson, 412 So.2d 743, 746-47 (Miss. 1982), this Court examined a situation where a justice court judge over-fined defendants for traffic violations, and used the excess for his own benefit. In reaching our decision to remove the judge, we stated that willful misconduct is any "conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive." Anderson, 412 So.2d at 745 (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977)). By its very nature, such conduct or misconduct is "prejudicial to the administration of justice that brings the judicial office into disrepute." Id. (emphasis in original). For purposes of the instant case, it is important to note that the actions in question need not be the result of bad faith or malice, but may be the result of mere *1322 negligence or ignorance on the part of the judge. Id.; see In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989) (requiring judge to become skilled in law when he assumed office). The Court's position on this issue has been reasserted on several occasions. Mississippi Judicial Performance Commission v. Walker, 565 So.2d 1117, 1121-22 (Miss. 1990); In re Quick, 553 So.2d 522, 524 (Miss. 1989); In re [William] Anderson, 451 So.2d 232, 234 (Miss. 1984). In the instant case, Hartzog unquestionably violated these standards of conduct by failing to comply with the acknowledgement that he executed, and most importantly by entering orders in cases which were not pending before his court. Accordingly, we adopt the Commission's finding that Hartzog abused his authority as a justice court judge.
In light of our prior decisions, we also approve the Commission's recommendation that Hartzog be publicly reprimanded. In Walker, 565 So.2d at 1125, we considered the case of a judge who was charged with abusing the contempt power, and enumerated several factors that should be addressed when determining what sanctions are appropriate in a particular case. These include:
(1) The length and character of the judge's public service.
(2) The positive contributions made by the judge to the courts and the community.
(3) The lack of prior judicial precedent on the incident in issue.
(4) Commitment to fairness and innovative procedural form on the part of the judge.
(5) The magnitude of the offense.
(6) The number of persons affected.
(7) Whether moral turpitude was involved.
Id. In any event, the sanctions imposed should fit the offense with which the judge is charged. In re Bailey, 541 So.2d 1036, 1040 (Miss. 1989). Of particular concern to the present case, this Court in Bailey expressly stated that a lack of "improper motive" would not prevent discipline; however, it will be considered as a mitigating factor. 541 So.2d at 1040. As a general rule, we have not removed a judge from office for a first offense, absent a showing of personal gain. Id. In the instant case, the Commission found that there had been no prior allegations of misconduct against Hartzog, he had not personally benefited from the incidents of misconduct, and he had filed a memorandum of understanding with the Commission with regard to his future conduct. We, therefore, find the Commission's recommendation that Hartzog be publicly reprimanded appropriate.
Accordingly, we adopt the Commission's finding that Hartzog violated the Code of Judicial Conduct and Miss. Const. § 177A by committing willful misconduct and conduct prejudicial to the administration of justice which brings the judicial office into disrepute. Further, we approve the Commission's recommendation that Hartzog be publicly reprimanded and assessed with the costs of these proceedings.
THE PETITION OF THE COMMISSION ON JUDICIAL PERFORMANCE IS HEREBY GRANTED AND JOHNNY C. HARTZOG IS HEREBY PUBLICLY REPRIMANDED.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.