WALLER, Chief Justice,
for the Court:
¶ 1. The Mississippi Commission on Judicial Performance filed a formal complaint against Walthall County Justice Court Judge Marion McKenzie, charging that he had engaged in ticket-fixing and ex parte communications. Judge McKenzie acknowledged his wrongdoing and has joined the motion for approval of recommendation of a public reprimand, a $500 fine, and assessment of costs in the amount of $100. After conducting an independent inquiry and giving careful consideration to the findings of fact and recommendations of the Commission, we order a thirty-day suspension from office without pay in addition to the recommended sanctions.
AGREED FINDINGS OF FACT
¶2. During a three-year period, from January 2006 to January 2009, Judge McKenzie disposed, or attempted to dispose, of nine ticket citations for misdemeanor offenses. The offenses involved hunting over bait, fading to wear hunter orange, hunting without a license, and littering.
¶ 3. On three occasions, Judge McKenzie intervened, or attempted to intervene, in cases assigned to Justice Court Judge Lio-nell Harrell. On each of these occasions, Judge McKenzie obtained the violator’s copy of the ticket, passed the copy to the justice court deputy clerk, and asked the deputy clerk to give it to the citing officer so the officer could help the defendant. Despite Judge McKenzie’s efforts, Judge Harrell managed to dispose of two of the cases by holding hearings, finding the defendants guilty, and imposing fines totaling more than $1,300. But a third case, which was returnable in November 2007, still had not been prosecuted at the time the Commission submitted its findings.
¶ 4. Judge McKenzie used similar tactics in one of his own assigned cases as well. In January 2009, after being assigned a certain case, Judge McKenzie obtained copies of the violator’s tickets, gave those copies to the deputy clerk, and asked the deputy clerk to give them to the citing officer so the officer could help the defendant. The defendant eventually pleaded not guilty, and both charges were dismissed.
¶ 5. In three other instances, Judge McKenzie improperly disposed of cases before him. In one case, he revoked a judgment of guilt without any motion, reset the case for trial, and, at the second trial, *1222 dismissed the charge. The two other cases both involved the same defendant, who happened to be related to a local public official. One of those cases was remanded to the inactive files; the other never was called for prosecution.
¶ 6. When the Commission began its formal inquiry, Judge McKenzie, initially at least, failed to cooperate with and misled the Commission.
STANDARD OF REVIEW
¶7. In reviewing judicial misconduct cases, this Court conducts an “ ‘independent inquiry of the record,”’ and, in doing so, “ ‘accord[s] careful consideration [of] the findings of fact and recommendations of the Commission, or its committee, which has had an opportunity to observe the demeanor of the witnesses.’ ” Miss. Comm’n on Judicial Performance v. Boone, 60 So.3d 172, 176 (Miss.2011) (quoting In re Removal of Lloyd W. Anderson, Justice Court Judge, 412 So.2d 743, 746 (Miss.1982)).
DISCUSSION
1. Judge McKenzie violated Canons 1, 2A, 2B, 3A, 3B(1), 3B(2), and 3B(7) of the Mississippi Code of Judicial Conduct, thus causing this matter to be actionable under Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.
¶ 8. According to the Commission’s findings, Judge McKenzie violated Canons 1, 3A, and 3B(1)[1] when he involved himself in cases that were assigned to Judge Harrell and when he attempted to help defendants with their tickets. He violated Canons 2A and 2B [2] when he obtained violators’ copies of the tickets, gave those copies to a deputy clerk, and instructed the clerk to pass them along to the citing officer so the officer could help the defendants dispose. of the charges. Judge McKenzie violated Canon 3B(2)[3] when he failed to ensure that proper notice *1223 was given to the State before conducting a hearing, and when he assisted certain defendants by dismissing or remanding their cases to the inactive files. Judge McKenzie violated Canon 3B(7)[4] when he engaged in ex parte communications with numerous defendants and failed to afford the State a right to be heard. And finally, the Commission found that Judge McKenzie had violated Canon SC(1)[5] by failing initially to cooperate with the Commission’s investigation.
¶ 9. We agree that each of these Canons was violated, except for Canon 3C(1), which relates to Judge McKenzie’s failure to cooperate with the Commission’s investigation. Canon 3C(1) concerns “Administrative Responsibilities” and does not speak to a judge’s obligation to the Commission. See, e.g., Miss. Comm’n on Judicial Performance v. Vess, 692 So.2d 80, 84 (Miss.1997) (finding that a justice court judge had violated Canon 3C(1) by failing to disqualify himself from a case after having had improper ex parte communications). More importantly, Judge McKenzie had a federal and state constitutional right against self-incrimination. U.S. Const, amend. V; Miss. Const, art. 3, § 26. His lack of cooperation, therefore, was not a violation of the Code of Judicial Conduct. Judge McKenzie did admit to “misleading” the Commission, however. This will be considered below as an aggravating factor.
¶ 10. In sum, we find that Judge McKenzie violated Canons 1, 2A, 2B, 3A, 3B(1), 3B(2), and 3B(7) of the Mississippi Code of Judicial Conduct and that his actions constituted willful misconduct and conduct prejudicial to the administration of justice, in violation of Article 6, Section 177A of the Mississippi Constitution of 1890, as amended.[6]
II. Judge McKenzie’s misconduct warrants a public reprimand, a thirty-day suspension from office without pay, a $500 fine, and assessment of costs in the amount of $100.
¶ 11. This Court considers six factors in determining proper sanctions for judicial misconduct: (1) the length and character of the judge’s public service; (2) whether there is any prior caselaw on point; (3) the magnitude of the offense and the harm suffered; (4) whether the misconduct is an isolated incident or evidences a pattern of misconduct; (5) whether moral turpitude was involved; and (6) the *1224 presence or absence of mitigating or aggravating circumstances. Miss. Comm’n on Judicial Performance v. Gibson, 883 So.2d 1155, 1158 (Miss.2004), overruled in part on other grounds by Boone, 60 So.3d at 174-75.

A. Length and Character of Judge McKenzie’s Public Service

¶ 12. Judge McKenzie has been a justice court judge for fifteen years. Prior to that, he served as a deputy sheriff for twelve years. The record is silent regarding the character of his public service.

B. Prior Caselaw

¶ 13. The Commission cites Mississippi Commission on Judicial Performance v. Boykin, 763 So.2d 872 (Miss.2000), and Mississippi Commission on Judicial Performance v. Warren, 791 So.2d 194 (Miss.2001), as comparable cases. In Boykin, this Court imposed a public reprimand and a fine for a justice court judge who improperly had dismissed eleven tickets based upon ex parte communications. Boykin, 763 So.2d at 874, 876. In Wan-en, this Court ordered a public reprimand and a fine on a justice court judge who had engaged in ex parte communications and had dismissed approximately ten speeding tickets without notice to the citing officer or a hearing. Warren, 791 So.2d at 196-99.
¶ 14. The Commission also cites Mississippi Commission on Judicial Performance v. Sanford, 941 So.2d 209 (Miss.2006), and Mississippi Commission on Judicial Performance v. Gordon, 955 So.2d 300 (Miss.2007), but it finds that Judge McKenzie’s actions were not as egregious as the misconduct in those cases.
¶ 15. In Sanford, Gordon, and, more recently, in Mississippi Commission on Judicial Performance v. Bradford, 18 So.3d 251 (Miss.2009), this Court imposed suspensions for egregious misconduct that involved moral turpitude arising out of what is referred to as “ticket-fixing.” Sanford, 941 So.2d at 216-18; Gordon, 955 So.2d at 305-06; Bradford, 18 So.3d at 256-57.
If 16. In Sanford, a justice court judge arranged for the arresting officer in a driving-under-the-influence case not to appear at trial so the judge could dismiss the case for failure to prosecute. Sanford 941 So.2d at 210, 218. The Commission recommended a public reprimand and assessment of costs. Id. at 215. This Court, however, believed that a harsher sanction was warranted. Id. at 218. Thus, a thirty-day suspension was added. Id.
¶ 17. In Gordon, a municipal court judge approached an officer and told him that several local residents were upset about a number of speeding tickets that the officer had issued. Gordon, 955 So.2d at 302. The judge then informed the officer that he intended to pass those tickets to the files. Id. Despite the officer’s objections, fourteen defendants were advised not to appear in court because their tickets had been “passed” to the files. Id. The Commission recommended that the judge be publicly reprimanded and assessed all costs. Id. at 304. But this Court, citing Sanford as support, found that the judge’s conduct was egregious and, therefore, a thirty-day suspension was appropriate as well. Id. at 306. We noted that we had not always required a suspension for such conduct. Id. Yet Sanford, we stated, had marked a shift. Id. (citing Sanford, 941 So.2d at 209). As a result, conduct akin to that in Gordon warranted a more severe penalty, including a suspension. Gordon, 955 So.2d at 306.
¶ 18. The justice court judge in Bradford committed numerous violations: two counts of ex parte communications, five counts of improperly dismissing or dispos *1225 ing of charges, two counts of violating Rule 2.06 of the Uniform Rules of Procedure for Justice Court, and improperly ordering the issuance of two contempt warrants. Bradford, 18 So.3d at 254. And, similar to the ease before us, the justice court judge in Bradford tried to interfere with two traffic citations that had been assigned to another justice court judge. Id. at 253. The Commission recommended a public reprimand, thirty-day suspension without pay, and assessment of costs. Id. at 254. We adopted its recommendation. Id. at 258. Notably, we discussed harsher sanctions, but found “no case in which a judge making a first appearance before the Commission and this Court, for whom the Commission recommended a suspension from office, in which this Court imposed a longer suspension from office and a fine greater than that resulting from the direct costs of the judge’s misbehavior.” Id. at 257-58. Two justices, however, would have imposed an even harsher sanction. Id. at 259-63 (Randolph, J., concurring in part and dissenting in part).

C.The Magnitude of the Offense and the Harm Stiffered

¶ 19. Judge McKenzie violated multiple canons and the Mississippi Constitution. That alone indicates the seriousness of his misconduct. Id. at 305. Judge McKenzie’s actions interfered with the administration of justice and brought the judicial office into disrepute. By involving himself in another judge’s cases and attempting to assist defendants with their tickets, Judge McKenzie compromised the integrity and independence of the judiciary. These actions created an impression that certain defendants were in a special position to influence him. Id. His actions also deprived the State of a fair opportunity to exercise its legitimate interest in punishing offenders of its laws. Id.
¶ 20. We have noted in the past that it is particularly important for justice court judges to “ ‘regard scrupulously the nature of their office.’ ” Sanford, 941 So.2d at 215 (quoting In re Bailey, 541 So.2d 1036, 1039 (Miss.1989)). “Our citizenry’s overall perception of the entire judicial system in this state is quite often a result of contact with our justice courts, since the vast majority of our citizens will have little or no contact with our state trial or appellate courts, other than for jury service.” Id. at 218 (citing In re Bailey, 541 So.2d at 1039).

D.Isolated Incident or Pattern of Conduct

¶21. The Commission states that Judge McKenzie has been the subject of one informal action. The Commission offers no further details, other than to say that the conduct in the informal action was unrelated to this case.
¶ 22. Though Judge McKenzie does not have a disciplinary history with the Commission, this Court has found that a pattern of misconduct exists where a single disciplinary action comprises multiple offenses. Bradford, 18 So.3d at 256. As few as three incidents of misconduct constitute a pattern of behavior. Id. (citing Miss. Comm’n on Judicial Performance v. Cowart, 936 So.2d 343, 350 (Miss.2006)). The nine incidents here thus constitute a pattern of conduct.

E.Moral Turpitude

¶ 23. The Commission and Judge McKenzie agree that his actions involved moral turpitude. Moral turpitude includes “‘actions which involve interference with the administration of justice, misrepresentation, fraud, deceit, bribery, extortion, or other such actions which bring the judiciary into disrepute.’ ” Gordon, 955 So.2d at 305 (quoting Gibson, 883 So.2d at 1158 n. 2). Ticket-fixing willfully subverts justice. Gordon, 955 So.2d at 305. Therefore, we *1226 agree that Judge McKenzie’s conduct crossed the line of moral turpitude.

F. Mitigating or Aggravating Factors

¶ 24. The fact that Judge McKenzie acknowledged the inappropriateness of his conduct and agreed with the Commission’s findings mitigates his actions. E.g., Gibson, 883 So.2d at 1158. Though the Commission cites no aggravating factors, we noted above that Judge McKenzie’s “misleading” the Commission is an aggravating factor.
¶ 25. After an independent review of the record, and after carefully considering the findings of fact and recommendations of the Commission, we are unable to agree with the Commission’s recommendation. In light of the egregiousness and moral turpitude of Judge McKenzie’s conduct, a harsher sanction is required. We noted in Gordon that, in the past, this Court has imposed a public reprimand and assessment of costs for ex parte communications and ticket-fixing. Gordon, 955 So.2d at 306 (citations omitted). But in Gordon and in Sanford, we held that, where the misconduct is egregious, the proper sanction is not only a reprimand, but a suspension as well. Id. And, in Bradford, we found that Gordon and Sanford had established that a suspension is an appropriate sanction for misconduct that involves moral turpitude. See Bradford, 18 So.3d at 256-57 (citations omitted). Engaging in ex parte communications and “passing” fourteen tickets to the file has been deemed to warrant a suspension. Gordon, 955 So.2d at 306. Here, Judge McKenzie fixed, or attempted to fix, nine tickets for six defendants. Three cases were dismissed in open court without a hearing and without agreement from the State; one case was remanded to the inactive files; and two cases were never called for prosecution. On several occasions, he contacted and attempted to influence the citing officer through a third person. Yet, what makes Judge McKenzie’s conduct especially egregious is the fact that he intervened, or attempted to intervene, in cases that had been assigned to another judge.
¶26. Given that Judge McKenzie engaged in various forms of ticket-fixing, which included several instances of ex parte communications, and went so far as to intervene in another judge’s cases, we find that a thirty-day suspension without pay is warranted in addition to the sanctions recommended by the Commission.
CONCLUSION
¶ 27. We find that Judge McKenzie violated Canons 1, 2A, 2B, 3A, 3B(1), 3B(2), and 3B(7) of the Mississippi Code of Judicial Conduct, and that his egregious actions constituted willful misconduct in office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute under Section 177A of the Mississippi Constitution of 1890, as amended. After conducting an independent review of the record, and after giving careful consideration to the findings of fact and recommendations of the Commission, we order that Judge McKenzie be suspended for thirty days from office without pay following the issuance of this Court’s mandate, publicly reprimanded, fined $500, and assessed $100 in court costs.
¶ 28. WALTHALL COUNTY JUSTICE COURT JUDGE MARION MCKENZIE SHALL BE SUSPENDED FROM OFFICE FOR A PERIOD THIRTY OF (30) DAYS WITHOUT PAY EFFECTIVE ON THE DATE OF ISSUANCE OF THIS COURT’S MANDATE; PUBLICLY REPRIMANDED; FINED $500.00; AND ASSESSED COSTS IN THE AMOUNT OF $100.00. THE PUBLIC REPRIMAND SHALL BE READ *1227 IN OPEN COURT BY THE PRESIDING JUDGE OF THE WALTHALL COUNTY CIRCUIT COURT ON THE FIRST DAY OF THE NEXT TERM OF THAT COURT IN WHICH A JURY VE-NIRE IS PRESENT FOLLOWING THE ISSUANCE OF THE MANDATE OF THIS COURT, WITH JUDGE MCKENZIE IN ATTENDANCE.
CARLSON, P.J., RANDOLPH, LAMAR, PIERCE AND KING, JJ., CONCUR. KITCHENS, J„ CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON, P.J., AND CHANDLER, J.

.Canon 1 of the Code of Judicial Conduct provides that:
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing high standards of conduct, and shall personally observe those standards so that the integrity and independence of the judiciary will be preserved. The provisions of this Code should be construed and applied to further that objective.
Mississippi Code of Judicial Conduct Canon 1.
Canons 3A and 3B(1) state, in pertinent part, that:
... The judicial duties of judges take precedence over all their other activities. The judges’ judicial duties include all the duties of their office prescribed by law. In the performance of these duties, the following standards apply: ... (1) A judge shall hear and decide all assigned matters within the judge’s jurisdiction except those in which disqualification is required.
Mississippi Code of Judicial Conduct Canon 3.

. Canons 2A and 2B provide, in pertinent part, that:
A. A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary-
B. Judges shall not allow their family, social, or other relationships to influence the judges’ judicial conduct or judgment. Judges shall not lend the prestige of their offices to advance the private interests of the judges or others; nor shall judges convey or permit others to convey the impression that they are in a special position to influence the judges....
Mississippi Code of Judicial Conduct Canon 2.

. Canon 3B(2) states that "A judge shall be faithful to the law and maintain professional competence in it. A judge shall not be swayed by partisan interests, public clamor, *1223 or fear of criticism.” Mississippi Code of Judicial Conduct Canon 3B(2).

. Canon 3B(7) provides, in pertinent part, that:
A judge shall accord to all who are legally interested in a proceeding, or their lawyers, the right to be heard according to law. A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties concerning a pending or impending proceeding [with certain exceptions]....
Mississippi Code of Judicial Conduct Canon 3B(7).

. Canon 3C(1) states that "A judge shall diligently discharge the judge’s administrative responsibilities without bias or prejudice and maintain professional competence in judicial administration, and shall cooperate with other judges and court officials in the administration of court business.” Mississippi Code of Judicial Conduct Canon 3C(1).

.Section 177A of the Mississippi Constitution states, in pertinent part, that:
On recommendation of the commission on judicial performance, the supreme court may remove from office, suspend, fine or publicly censure or reprimand any justice or judge of this state for: ... (b) willful misconduct in office; ... (e) conduct prejudicial to the administration of justice which brings the judicial office into disrepute....
Miss. Const, art. 6, § 177A.