KING, JUSTICE,
CONCURRING IN PART AND DISSENTING IN PART:
¶ 24.1 agree with the majority that Justice Court Judge Vess engaged in conduct that violated the Mississippi Code of Judicial Conduct. However, I would hold that Judge Vess should be removed from office.
¶25. As noted by the majority, Judge Vess has been the subject of four prior informal actions and three prior formal actions. The three formal actions were in 1994,1997, and 2009. This certainly evinces a pattern of conduct, one that Judge Vess has not corrected. When sanctioned in 2009, Judge Vess had served as a justice court judge for seventeen years. Judge Vess has’ now served as a justice court judge for twenty-four years. Having had four prior informal actions and three prior formal actions, and having served as a justice court judge for an extended period of time, Judge Vess should have been very much aware that the conduct addressed in *959 this case was contrary to the Code of Judicial Conduct.
¶ 26. As this Court said in In re Inquiry Concerning Justice Court Judge William E. Bailey'.
There are good reasons why our justice court judges must regard scrupulously the nature of their office. In the first place, most of our citizens have their primary, if not their only, direct contact with the law through the office of the justice court judge.... The perception of justice of most of our citizens is forged out of their experiences with our justice court judges. If these judges do not behave with judicial temperament and perform their duties according to the law and by reference to the process of adjudication, there, seems little hope that our citizenry at large may understand and respect the legal process.
In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989).
¶ 27. Justice, one would expect, would therefore require that Justice Court Judge Vess be removed from office.