ORDER
DAN M. LEE, Presiding Justice,
for the Court.
On June 3, 1986, the Mississippi Commission on Judicial Performance (“Commission”) filed a formal complaint against Justice Court Judge Ralph M. Hearn, charging him with judicial misconduct constituting a violation of § 177A, Miss. Constitution of 1890. On October 9, 1986, Judge Hearn filed an answer to the formal complaint, admitting certain parts, denying the remainder, and denying that his actions constituted judicial misconduct. On March 19, 1987, and March 20, 1987, a hearing was held before a committee of the Commission in this inquiry, with both the Commission and Judge Hearn represented by counsel. Based upon the evidence adduced at the hearing the Commission found by clear and convincing evidence that Judge Hearn had found criminal defendants not guilty without a trial or notice to the officer, that other officials had attempted to influence Judge Hearn in these cases, that the judge had improperly assessed constable fees, that he had wrongfully entered a judgment notwithstanding the verdict, that he had interfered with the orderly assignment of cases, and that he had engaged in improper conduct in the handling of criminal bad check cases. The Commission found that this conduct violated the code of judicial conduct of Mississippi judges, that it constituted willful and persistent failure to perform the duties of office, and that the conduct was prejudicial to the administration of justice and brings the judicial office into disrepute. The Commission recommended by unanimous vote that Judge Hearn be publicly reprimanded and fined $250 pursuant to § 177A of the Mississippi Constitution. In accordance with Rule 10(D) of the Rules of the Mississippi Commission on Judicial Performance, the Commission submitted its brief in support of the record, findings and recommendations of the Commission to this Court. Judge Hearn likewise filed a brief in support of the Commission’s findings and recommendations, and accepts the findings and the sanctions recommended by the Commission.
The Commission’s findings of fact and recommendations in the case of In Re Inquiry Concerning a Justice Court Judge (Ralph M. Hearn), No. 86-004, dated May 21, 1987, have been examined by a panel of this Court composed of Presiding Justice Dan Lee and Justices Michael D. Sullivan and Reuben V. Anderson,[1] which panel accepts the Commission’s findings of fact and recommendations and adopts and incorporates same in this Order, as follows:
COMMISSION FINDINGS OF FACT AND RECOMMENDATIONS
INITIATION OF PROCEEDINGS
On June 3, 1986, the Commission filed a Formal Complaint charging the Respon *1227 dent, Ralph M. Hearn, Justice Court Judge for Post One, Lawrence County, Mississippi, with judicial misconduct constituting a violation of Section 177A, Mississippi Constitution of 1890, as amended.
On October 9, 1986, the Respondent filed an Answer to the Formal Complaint, denying the allegations of judicial misconduct in the Formal Complaint.
HEARING
On March 19, 1987, and March 20, 1987, this cause came on for formal hearing before a duly designated Committee of the Commission, consisting of Circuit Judge Harvey S. Buck, presiding, Judge Mary T. Foretich and Dr. Cleopatra D. Thompson. The Commission was represented by Luther T. Brantley III of Jackson; the Respondent was present and represented by Robert Glenn Turnage of Monticello.
FINDINGS
Based upon the evidence presented at the hearing in this cause, the Commission finds the following by clear and convincing evidence, to-wit:
1.
During the period of time beginning approximately March, 1985 through March, 1986, the Respondent, in his official capacity as justice court judge, found the defendant not guilty in approximately ninety three (93) criminal cases without conducting a trial or giving notice to the arresting officer. The majority of these cases involved speeding tickets; there were also D.U.I. charges found not guilty in this manner. While there was evidence that other public officials attempted to influence the Respondent in these cases, there was no direct evidence that these influenced him.
2.
The Respondent assessed a constable fee to the defendant in criminal cases in which the defendant was found not guilty and collected and paid said fee to the constable when, in accordance with Section 25-7-27, Mississippi Code Annotated (1986 Supp.) a constable is not entitled to a fee when the defendant is found not guilty.
3.
In the criminal case of State vs. Danny D. Nelson the defendant was found guilty by a jury of possession of beer and of driving while his license was suspended for driving under the influence of intoxicants, and not guilty of driving under the influence. Respondent dismissed the jury, entered a judgment notwithstanding the jury verdict, and found the defendant not guilty of all charges, when Sections 11-9-143 and 99-33-9 of the Mississippi Code Annotated (1972) require a justice court judge to conform his judgment to the verdict of the jury-
4.
The Respondent interfered with the orderly assignment of cases by the justice court clerk, as provided for by Sections 9-11-27 and 99-33-2 of the Mississippi Code Annotated (1986 Supp.). He also assigned cases to himself without authority so to do.
5.
The Respondent engaged in improper conduct in the handling of criminal bad check cases. The Respondent accepted money from litigants in bad check cases when a justice court judge has no legal authority to receive money. He also handled felony criminal bad checks, checks in excess of $100, without authority of the county attorney or district attorney reducing said felonies to misdemeanors. However, there was no evidence that there was any misappropriation or conversion of said money.
6.
The Respondent’s conduct constitutes violations of the following Canons of the Code of Judicial Conduct of Mississippi Judges, to-wit:
*1228 CANON 1
A Judge Should Uphold the Integrity and Independence of the Judiciary.
An independent and honorable judiciary is indispensable to justice in our society. A judge should participate in establishing, maintaining, and enforcing, and should himself observe, high standards of conduct so that the integrity and independence of the judiciary may be preserved. The provisions of this Code should be construed and applied to further that objective.
CANON 2
A Judge should Avoid Impropriety and the Appearance of Impropriety in All His Activities.
(A) A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.
(B) A judge should not allow his family, social, or other relationships to influence his judicial conduct or judgment. He should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness.
CANON 3
A Judge Should Perform the Duties of His Office Impartially and Diligently.
The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:
A. Adjudicative Responsibilities.
(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interests, public clamor, or fear of criticism.
(3) A judge should be patient, dignified, and courteous to litigants, jurors, witnesses, lawyers, and others with whom he deals in his official capacity, and of his staff, court officials, and others subject to his direction and control.
(4) A judge should accord to every person who is legally interested in a proceeding, or his lawyer, full right to be heard according to law, and, except as authorized by law, neither initiate nor consider ex parte or other communications concerning a pending or impending proceeding. A judge, however, may obtain the advice of a disinterested expert on the law applicable to a proceeding before him if he gives notice to the parties of the person consulted and the substance of the advice, and affords the parties reasonable opportunity to respond.
B. Administrative Responsibilities.
(1) A judge should diligently discharge his administrative responsibilities, maintain professional competence in judicial administration, and facilitate the performance of the administrative responsibilities of other judges and court officials.
RECOMMENDATION
The Commission therefore finds by clear and convincing evidence that the conduct of the Respondent, Justice Court Judge Ralph M. Hearn, constitutes willful and persistent failure to perform the duties of his office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute as set forth in Section 177A of the Mississippi Constitution of 1890, as amended. The Mississippi Commission on Judicial Performance hereby recommend to the Mississippi Supreme Court that the Respondent be publicly reprimanded and fined $250, pursuant to Section 177A of the Mississippi Constitution.
Respectfully submitted,
/s/ Kenneth B. Robertson, Chairman
Dated this the 21st day of May, 1987.
Accordingly, it is ordered that the findings and recommendations of the Mississippi Commission on Judicial Performance are *1229 accepted in full and that the Respondent, Ralph M. Hearn, be publicly reprimanded and fined $250, pursuant to § 177A of the Mississippi Constitution.

. See In Re Inquiry Concerning A Judge, Jack H. Odom, 81-095, 444 So.2d 835, 836 (Miss. 1984).