516 So.2d 506 (1987)
In re Inquiry Concerning Justice Court Judge Charlie R. CHAMBLISS.
No. 57513.
Supreme Court of Mississippi.
December 16, 1987.
Claude Pintard, Jr., Riley & Pintard, Natchez, for appellant.
Luther T. Brantley, III, Jackson, for appellee.

ORDER
The joint motion of the Mississippi Commission on Judicial Performance and the respondent, Justice Court Judge Charlie R. Chambliss, to accept the Findings of Fact and Recommendation for discipline made by the Commission having been considered by a panel composed of Chief Justice Roy Noble Lee, Justices Reuben V. Anderson and Joseph S. Zuccaro, and the Court being of the opinion that the same is in proper order, and that the Commission's Finding of Fact and Recommendation should be accepted by the Court in the form and manner set forth therein, a copy of which is attached hereto;
IT IS, THEREFORE, ORDERED that the Joint Motion for Approval of Recommendation filed by the Mississippi Commission on Judicial Performance be accepted by the Court, and the Commission's Findings of Fact be accepted by the Court, and the respondent judge, Charlie R. Chambliss be fined the sum of one thousand dollars ($1,000) for which judgment is hereby rendered upon which execution may issue if not paid in full within thirty (30) days of the date of this order.
IT IS FURTHER ORDERED that this Order, with the Findings of Fact and Recommendation attached thereto, be published in the Southern Reporter, Mississippi Cases, as an official and permanent reprimand.
 /s/ Roy Noble Lee
 ROY NOBLE LEE,
 CHIEF JUSTICE

BEFORE THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE INQUIRY CONCERNING A JUDGE

NO. 84-135/137 & 85-046/074 COMMISSION FINDING OF FACT AND RECOMMENDATION
The duly appointed tribunal consisting of William M. Bost, Jr., Dr. Cleopatra Thompson and Judge Billy R. Mangum, met and considered the evidence brought by the Commission and by Judge Chambliss on two separate dates, to-wit: April 4 and May 9, 1986. The tribunal filed their finding of fact and recommendation in accordance with the Rules of the Commission and the Commission herein makes the following finding of fact and recommendation, to-wit:
A substantial body of evidence was offered both by the Commission and Judge Chambliss, and that which was considered *507 relevant to the issues addressed in this finding are as follows:
1. On at least three separate occasions, Judge Chambliss has been stopped by officers of the law, both of the State of Mississippi and the City of Fayette, Mississippi, and on all three occasions, Judge Chambliss sought to interfere with the administration of justice by trying to intimidate and interfere with the assigned duties of the officers. The first officer was Charles Tidwell, of Fayette, a Mississippi State Trooper, who in early 1984 stopped Judge Chambliss for driving in an erratic fashion and discussed his driving habits with him. On a later occasion at a road block, the same officer gave Judge Chambliss a ticket for failing to have a valid driver's license. Subsequent to this, Judge Chambliss attempted to have Officer Tidwell reassigned. Officer Errol Pierce of Fayette, a Mississippi State Trooper, stopped Judge Chambliss on the 25th day of July, 1984, and gave him a ticket for speeding. This ticket was handled in the Justice Court in Adams County where Judge Chambliss was found guilty. It was appealed to Adams County Court where he again was found guilty and a fine levied but never paid. In fact, on August 16, 1985, a bench warrant was issued for contempt of court for Chambliss' failure to pay the fine.
The third incident involving a police officer had to do with Officer Lee Arthur Nichols of Fayette, Mississippi, who was a fire chief and part-time patrolman for the City of Fayette. Officer Nichols engaged in a high-speed chase of a vehicle driven by Judge Chambliss resulting in rather bizarre behavior after he was stopped. Considering both sides of the story, at the very least, Judge Chambliss resisted arrest, fled the officer, attempted assault, and subsequent to the incident, once again, attempted to have the officer reassigned or fired.
Judge Chambliss admits that in all three instances he attempted to have the officers involved reassigned or fired, which, in the opinion of the Commission amounted to needless interference in the official duties of these police officers. This, taken in connection with his ignoring the fine assessed by the Adams County Court establishes and clearly shows conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
2. Judge Chambliss admitted to a series of offenses involving motor vehicle tags which are clearly in violation of State law, and which, had he been caught would have resulted in a fine. Judge Chambliss admitted that he assisted in removing a tag of a 1972 Caprice which he had bought from one W.E. Camphor with money borrowed from one Hedrick. The tag of the 1972 Caprice was switched variously to a 1970 Malibu, and to a 1976 Cadillac, and in April, 1985, the same tag was still on the vehicle belonging to Judge Chambliss. This tag is registered to the Claiborne County address of Judge Chambliss' mother and not to his official residence in Jefferson County. This conduct is in violation of Mississippi Code Annotated Section 27-19-57 (1984 Supp.) and Section 27-19-131 (1984 Supp.).
3. In July 1984, one Suzanne Gentling, living in the Red Lick community of Jefferson County, was raped by a young black male, later identified as Horace Waits, Jr. Shortly thereafter, Judge Chambliss sought to interview Ms. Gentling regarding the rape. He came to her house with one Mr. Bilbo Clark, a neighbor who seemed to offer some sort of credibility to Judge Chambliss. According to Ms. Gentling, Judge Chambliss' questions, behavior and demeanor were of a degrading nature. Nevertheless, Ms. Gentling, knowing Judge Chambliss to be a judge, answered a number of embarrassing and suggestive questions, feeling, according to her, that she was required to do so and that Judge Chambliss' interview was part of an official investigation. Ms. Gentling insisted that the interview was at Judge Chambliss' insistence, and that Judge Chambliss initiated all conversation about the rape by asking the questions.
In his defense, Judge Chambliss said he was simply trying to talk to Ms. Gentling to try to talk her into remaining in the community, that he did not ask any questions, but that she freely volunteered the information that was given, and that he *508 was respectful and well mannered in every detail. To corroborate his story, he presented Mr. Bilbo Clark as his witness. However, Mr. Clark's testimony was absolutely and completely unreliable in that he admitted that when interviewed by the Commission investigator some six months prior to the hearing, he told a completely different story from that which he told at the hearing. He admitted to lying to the Commission representatives, and stated on more than one occasion that he really could not hear what was going on. In any event, the fact that Chambliss was there and discussing the matter convinced the Commission that this conduct is also prejudicial to the administration of justice which brings the judicial office into disrepute.
4. With respect to the allegations that Judge Chambliss was involved in the political campaign of Charles Evers, it is apparent that he was more than an interested observer in the election of Charles Evers, but the proof was not clear and convincing that he actually participated in the Evers campaign to the extent prohibited by judicial canons. However, he did become active and spoke publicly in opposition to a certain bond issue which was pending at that time. The record is not clear as to the purpose of the bond issue, though it is clear that the bond issue had nothing to do with the administration of justice. It is the feeling of the Commission that judges may speak in opposition to or in favor of bond issues and similar matters where administration of justice or the improvement of the administration of justice is at stake, and in the absence of these qualities, judicial officers are prohibited by the canons from participating in any fashion in a bond election. Therefore, it is the opinion of the Commission that this behavior also is conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
It is the conclusion of the Commission that, by clear and convincing evidence, Judge Chambliss' conduct as hereinafter enumerated constituted willful misconduct in office and conduct prejudicial to the administration of justice which brought the judicial office into disrepute, as set forth by Section 177A of the Mississippi Constitution, in the following particulars:
a. The three instances involving his dealings with police officers as hereinabove enumerated, all resulted in his taking steps and actions calculated to intimidate these officers in the conduct of their duty.
b. The interview with Mrs. Gentling was absolutely uncalled for and contrary to the sort of behavior required of public servants and judges in particular.
c. The fact that he has made no effort to pay the fine assessed by the Adams County Court and is presently ignoring the Court order to pay the fine is indicative of Judge Chambliss' disregard of the judicial process.
d. Failure to acquire a new license plate registered at the proper address as required by State law is indicative of his disregard for the law which he has sworn to uphold.
e. Involving himself in a bond election on a matter that did not involve the improvement of the administration of justice is improper.
It is the recommendation of the Commission that Judge Chambliss receive a public reprimand as to all the issues enumerated herein, and that he be assessed a fine in the amount of $1,000.00.
Respectfully submitted,
 MISSISSIPPI COMMISSION
 ON JUDICIAL PERFORMANCE
 /s/ Kenneth B. Robertson
 Kenneth B. Robertson
 Chairman