On November 25, 1987, in an opinion by Presiding Justice Dan M. Lee, this Court affirmed the Findings of Fact and Recommendations of the Mississippi Judicial Performance Commission and ordered that Ralph M. Hearn be publicly reprimanded and fined $250.00 for judicial misconduct in violation of Section 177A, Mississippi Constitution of 1890, as Amended. In re Hearn, 515 So.2d 1225
(Miss. 1987).
On March 29, 1988, the Mississippi Judicial Performance Commission filed a complaint charging Ralph M. Hearn with judicial misconduct, and on June 20, 1988, Judge Hearn filed an answer to the formal complaint admitting parts of the complaint, denying parts, and denying the allegations of judicial misconduct.
On September 1 and September 2, 1988, a formal hearing was held before a duly designated committee of the Commission, consisting of County Court Judge James D. Bell, Presiding, Judge Mary T. Foretich, and Dr. Cleopatra D. Thompson. Based on the evidence presented at the hearing the Commission found by clear and convincing evidence that from approximately May 21, 1987, through March of 1988, Judge Hearn continued to engage in the practice of ticket fixing and has adjudicated criminal defendants not guilty without a hearing or notice to the officer. During this period Judge Hearn made findings of not guilty in approximately 97 cases where no hearing was held; each defendant was found not guilty based upon Judge Hearn's ex parte communications with the defendant, other judges, or other individuals, or for other reasons not indicated in the docket or court file.
The Commission found that Judge Hearn submitted one or more improperly changed court abstracts to the Mississippi Department of Public Safety.
The Commission found that Judge Hearn in his official capacity or under color of office had used his influence to seek favorable consideration by judges of other courts for tickets issued to individual defendants, and has used justice court personnel and supplies to carry out his course of conduct. The Commission found that Judge Hearn's conduct violated Canon 1, Canon 2, and Canon 3 of the Code of Judicial Conduct for Mississippi Judges, and the Commission ultimately recommended that Judge Ralph M. Hearn be removed from office pursuant to Section 177A of the Mississippi Constitution of 1890, as Amended.
We have carefully considered the record and the defenses and excuses offered by Judge Hearn and his promise not to do it again.
The removal of an elected official from his public office is a painful task for this Court, and particularly so when we are called upon to remove a member of the judiciary. The Mississippi Judicial Performance Commission takes its duty seriously and recommends removal to this Court only in rare instances.
However, in the case of Judge Hearn the Commission felt constrained to recommend removal because the educational process offered to Judge Hearn by his prior disciplinary proceeding, Inre Inquiry Concerning Justice Court Judge Ralph M. Hearn,515 So.2d 1225 (Miss. 1987), failed and Judge Hearn continued his then established course of judicial misconduct without abatement. *Page 903 
Under these circumstances the only appropriate sanction is removal from office. In re Inquiry Concerning Garner,466 So.2d 884, 887 (Miss. 1985); In re Brown, 458 So.2d 681, 682 (Miss. 1984).
Accordingly, it is ordered that the findings and recommendations of the Mississippi Judicial Performance Commission are accepted in full and that the respondent Ralph M. Hearn be removed from office pursuant to Section 177A of the Mississippi Constitution of 1890.
JUSTICE COURT JUDGE RALPH M. HEARN IS HEREBY REMOVED FROM THE OFFICE OF JUSTICE COURT JUDGE, POST 1, LAWRENCE COUNTY, EFFECTIVE IMMEDIATELY.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.