STATEMENT OF THE CASE
On June 9, 1989, the Mississippi Commission on Judicial Performance, through its Executive Director, filed a sworn formal complaint against two sitting justice court judges serving in Pearl River County, Mississippi. This appeal pertains only to one of those judges, Richard A. Cowart. The allegations were basically that the judges "fixed" tickets; failed or refused to sign the dockets of their courts as required by law; allowed the adjudication of some offenses by someone other than the judges; and other alleged violations of the Judicial Canons of Ethics and Section 177A of the Mississippi Constitution of 1890. The Mississippi Commission on Judicial Performance (the Commission) and Judge Cowart agreed on the facts, which were stipulated to by the parties.
After a hearing, the Commission issued its findings and recommendations on the 23rd day of January, 1990. The Commission recommended, by a unanimous vote, that Judge Cowart be publicly reprimanded and fined in the amount of $500.00.
From that recommendation, Judge Cowart appeals, assigning as error:
 WHETHER THE PUBLIC REPRIMAND AND FINE OF $500.00 IMPOSED UPON THE RESPONDENT IS TOO HARSH.
The facts in this cause are undisputed by the parties. On June 9, 1989, the Mississippi Commission on Judicial Performance filed a formal complaint against two justice court judges in Pearl River County, Mississippi, charging the judges with judicial misconduct. Judge Cowart filed an answer to the charges.
Shortly thereafter, on October 19, 1989, the Commission, through its Executive Director, and Judge Cowart entered into an "Agreed Statement of Facts," which we adopt and set forth:
 During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), the Respondent (Judge Cowart) had an unwritten policy whereby defendants charged with non-moving traffic violations such as "no drivers license", "no tag" and "no inspection sticker", would have the charges dismissed if the defendant exhibited to the court and/or justice court clerk or deputy clerk evidence of having cured the deficiency, such as having had a valid driver's license, or acquiring a license, tag or sticker. The clerk or deputy would sometimes advise the Respondent of the defendant exhibiting said evidence, although in other cases, the charges were dismissed without the Respondent (Judge Cowart) being so advised. That in all these cases, the docket reflects that the defendant was found "not guilty" rather than indicating that the charges had been dismissed. No trial or hearing was held in any of these *Page 1253 
cases, except on occasion, the defendant may have appeared before the Respondent in open court and exhibited the evidence directly to the Respondent (Judge Cowart). During the calendar year 1988, approximately seventy-six (76) non-moving violations assigned to the Respondent were found not guilty pursuant to this policy. These cases are reflected by Attachment I-A to the Formal Complaint. Since April 1, 1989, this practice has been stopped.
 During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), the Respondent found approximately seven (7) defendants not guilty of traffic violations in cases in which a third party contacted the Pearl River County Justice Court and requested help or assistance on the ticket, as reflected by the record of the Pearl River County Justice Court. No trial or hearing was held in these cases, which are reflected in Attachment II-A of the Formal Complaint.
 During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), the Respondent had an unwritten policy whereby traffic tickets issued by officers of the Mississippi Highway Patrol and filed with the Pearl River County Justice Court would be dismissed at the request or with the assent of the issuing officer. These cases were docketed as the defendant having been found "not guilty". The clerks followed a procedure whereby the tickets were presented to the issuing officer for his approval and if he agreed, the charges were dismissed, however, the docket indicates that the violator was found not guilty. The Respondent (Judge Cowart) was not advised of the request or assent on each ticket; he had no knowledge of the majority of tickets disposed of in this manner. During calendar year 1988, approximately ninety-two (92) traffic violations assigned to the Respondent (Judge Cowart) were found not guilty in this manner. No trial or hearing was held in these cases. These cases are reflected by Attachment III-A to the Formal Complaint. The Respondent has instructed the clerks and officers that this practice has been stopped.
 During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), there were other traffic violations wherein the defendant was found not guilty by the Respondent and the record of the Pearl River County Justice Court do not reflect that a trial or hearing was held in the case. These include non-moving violations in which the violator exhibited evidence of having cured the deficiency to the Respondent (Judge Cowart) rather than to the clerks, as well as moving violations. During calendar year 1988, approximately thirty (30) cases assigned to Respondent were found not guilty in this manner. These cases are reflected in Attachment IV-A to the Formal Complaint.
 During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), the Pearl River County Justice Court charged assessments, costs or fees not authorized by statute. In non-moving violations such as "no drivers license", "no tag" and "no inspection sticker", in which defendants were found guilty, they were improperly charges (sic) assessments, costs, or fees for Emergency Medical (Mississippi Code Annotated, Section 41-49-61), Drivers Education (Mississippi Code Annotated, Section 37-25-15) and Justice Court Clerks (Mississippi Code Annotated, Section 25-7-25). In these cases, the Respondent charged the defendants a specified fine plus the costs and assessments; the clerks calculated the assessments. During calendar year 1988, there were approximately thirty-five (35) cases assigned to the Respondent (Judge Cowart) wherein excessive assessments and costs were charged. These cases are reflected by Attachment V-A to the Formal Complaint. The improper assessments have been corrected and appropriate refunds will be issued. *Page 1254 
 During the period of time beginning approximately January 1, 1988, and continuing through the time of the Commission filing its Formal Complaint, June 9, 1989, the Respondent did not sign the criminal dockets of the Pearl River County Justice Court as required by Mississippi Code Annotated, Section 9-11-11 (Supp. 1988) and Mississippi Code Annotated, Section 9-11-13 (1972). Prior to the preparation of his Answer to this Inquiry, the Respondent (Judge Cowart) reviewed and signed all of his dockets.
 The Respondent has cooperated with the Commission in its investigation of this Inquiry and has taken affirmative steps to correct the problems more fully set forth hereinabove.
The Commission appointed a three-person hearing panel to hear the matter. On November 30, 1989, the panel filed its findings and recommendations with the Commission.
The findings were:
1. That Judge Cowart had allowed the practice of dismissing non-moving violations upon the correction of the violation by the individual defendants, often without his knowledge. (For example, if a person was cited for driving with an expired tag, presenting evidence of the purchase of a new tag to the justice court clerk would result in an entry of "not guilty" being made on the docket by the clerk, without the judge's knowledge in every instance. Cowart admitted to condoning that practice which had historically been condoned by the justice court system in Pearl River County.) There were 76 cases disposed of in this manner during the period examined by the Commission. The panel found the manner in which these cases were handled to have violated Canons 1, 2 A, 3 A, 3 A(4), 3 B(1) and 3 B(2) of the Code of Judicial Conduct.
2. That Judge Cowart allowed the clerks of the court, arresting officers and other court personnel to dismiss 92 traffic tickets in 1988 without an adjudication by Judge Cowart. "Not guilty" was the entry on the docket as the disposition of these cases, in violation of the Code of Judicial Conduct.
3. Thirty-five cases were assessed excessive fees, charges and costs, in violation of the Code of Judicial Conduct.
4. Judge Cowart failed to sign the dockets of his court, violating Miss. Code Ann. §§ 9-11-11 (Supp. 1988) and 9-11-13
(1972), as well as several provisions of the Code of Judicial Conduct.
The hearing panel noted that Judge Cowart had cooperated with the investigation of his office and had immediately corrected the deficiencies found during the investigation. The hearing panel recommended a public reprimand.
Counsel for the Commission on Judicial Performance and for Judge Cowart both objected to the Findings and Recommendations of the hearing panel, the Commission's counsel noting that the sanctions recommended by the hearing panel were too lax, and counsel for Judge Cowart noting that a public reprimand was too stringent.
On January 23, 1990, the Commission on Judicial Performance submitted its Findings of Fact and Recommendations to this Court, basically adopting the position of the hearing panel, but adding the requirement that Judge Cowart be not only reprimanded, but fined $500.00. That recommendation was transmitted to this Court, along with Judge Cowart's appeal, filed January 24, 1990.
Cowart's appeal has but one issue:
 WHETHER THE PUBLIC REPRIMAND AND FINE OF $500.00 IMPOSED UPON THE RESPONDENT IS TOO HARSH.
In his argument, Judge Cowart attempts to distinguish himself from some of the other of this state's judicial luminaries who have "fallen from grace." In particular, Judge Cowart points out the Court's position in In re Branan, 419 So.2d 145 (Miss. 1982), and In re Lambert, 421 So.2d 1023 (Miss. 1982), and attempts to distinguish his situation from the facts as set out in those cases, reasoning that his affronts to justice were of a lesser magnitude and therefore deserve a lesser punishment. *Page 1255 
In re Branan involved the collection of civil damages over and above court costs, and in the amount of $3,489.68. While citing the seriousness of the offense, and noting that removal from office was allowed, given the evidence before it, the Commission recommended a public reprimand, restitution, and a fine of $1,000.00.
In re Lambert involved the wrongful collection of bad checks by the justice court judge, by the wrongful use of criminal process. Extra fees were collected over and above those allowed by statute, and were distributed as graft between Judge Lambert and the constables involved in the collection effort. A public reprimand and a $2,000.00 fine was the eventual result of the Commission's efforts.
Judge Cowart notes that his offenses were not so serious as those of Judges Branan and Lambert. He notes that his conduct was not motivated by desire for private, economic or political gain, as he alleges, was the conduct of Judges Branan and Lambert. Judge Cowart feels that his cooperation merits him consideration for a lesser penalty than that the Commission recommends. Judge Cowart notes that he does not meet the loose "standard" the Court has set for the decision to remove a judge from office, and sets out that a more stringent penalty than that recommended by the Commission is certainly not warranted. See In Re Bailey,541 So.2d 1036 (Miss. 1989), where the fact that Judge Bailey was a first offender, coupled with lack of malice or improper motive, and no evidence of personal gain led this Court to impose only a public reprimand.
Judge Cowart admits the charges against him, which were eventually reduced to final form, by the Commission's Findings of Fact and Recommendations. His sole issue deals with the severity of the punishment which has been assessed against him for his judicial misbehavior.
Although Judge Cowart tries to draw the Court's attention away from scrutinizing the facts of his own case, several similarities do exist between his actions and those of other judges who have committed similar offenses and who have been reprimanded, fined and/or removed from office.
In re Hearn, 542 So.2d 901 (Miss. 1989), (Hearn II, orHearn Revisited), has our by now familiar main character, Judge Hearn, continuing down the same troubled cow path he trod before, and stepping in all the wrong places. Judge Hearn, who was reprimanded and fined previously for ticket-fixing, was removed from office, for among other things, continuing to fix tickets.
Judge Lambert's actions, for which he was penalized, had similarities to the actions of Judge Cowart. Failing to properly docket cases, violations of the Mississippi Code, failure to properly collect and account for fees, and collection of excess fees were among the wrongful acts attributed to Judge Lambert. Although other judicial offenses were involved, admittedly Judge Lambert was fined a much greater amount than the Commission proposed fining Judge Cowart.
We cannot say that the Commission was manifestly wrong in imposing a fine of $500.00 and a public reprimand. These sanctions are not too harsh for the injudicious conduct committed by Judge Cowart. The findings and recommendations of the Mississippi Commission on Judicial Performance are hereby adopted. We hereby impose a fine of $500.00 upon Richard A. Cowart, Justice Court Judge, Pearl River County, and direct that he be publicly reprimanded for his conduct.
JUSTICE COURT JUDGE RICHARD A. COWART IS HEREBY PUBLICLY REPRIMANDED AND FINED $500.00.
ROY NOBLE LEE, C.J., HAWKINS, DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur. *Page 1256