585 So.2d 741 (1991)
In re Inquiry Concerning R.R. SEAL, Justice Court Judge.
No. 90-CC-0104.
Supreme Court of Mississippi.
August 28, 1991.
*742 Luther T. Brantley, III, Jackson, for petitioner.
Edward H. Stevens, Picayune, for respondent.
Before ROY NOBLE LEE, C.J., and SULLIVAN and BANKS, JJ.
BANKS, Justice, for the Court:

I.
On June 9, 1989, the Mississippi Commission on Judicial Performance filed a Formal Complaint charging R.R. Seal, Justice Court Judge, Western District, Pearl River County, Mississippi, with judicial misconduct, constituting a violation of Section 177A, Mississippi Constitution of 1890, as amended. On July 12, 1989, Judge Seal filed an Answer to the Formal Complaint, admitting parts of the Formal Complaint, denying parts, and denying any judicial misconduct.
Pursuant to Rule 8 C of the Rules of the Commission on Judicial Performance, the Commission designated a committee which held a hearing on this cause on October 24, 1989, at which time the Commission and Judge Seal entered an Agreed Statement of Fact. Based on the agreed facts, the Commission found that the conduct of Judge Seal constituted a violation of Canons 1, 2 A, 2 B, 3 A(1), 3 A(4), 3 B(1) and 3 B(2) of the Code of Judicial Conduct of Mississippi Judges, willful misconduct in office, willful and persistent failure to perform the duties of the office, and conduct prejudicial to the administration of justice which brings the judicial office into disrepute, as set forth in Section 177A of the Mississippi Constitution of 1890.
The Commission recommended a public reprimand and a fine of $500 as a sanction for the conduct found. Judge Seal disputes the degree of "willfulness" that the Commission attributes to him and submits that should this Court determine that a reprimand is warranted, the reprimand should be private rather than public. Additionally, Judge Seal asserts that Rule 5 D of the Procedures of the Commission on Judicial Performance requires that a sworn complaint or statement be filed against a judge and the record does not reflect that this procedural requirement was ever satisfied.
We find that the recommendation of the Comission is warranted.

II.
Judge Seal was serving the second year of his first term of office as Justice Court Judge when the complaint was brought against him. The conduct of which the Commission complains occurred during Judge Seal's first year in office. The record indicates that he cooperated fully with the Commission's investigation and took immediate steps to cure the offensive practices. The facts are not in dispute; the Commission and Judge Seal entered stipulated findings of fact as follows:
[d]uring the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), the Respondent [Judge Seal] was aware of an unwritten policy whereby defendants charged with non-moving traffic violations such as "no drivers license", "no *743 tag" and "no inspection sticker" would have the charges dismissed if the defendant exhibited to the Court and/or Justice Court Clerk or Deputy Clerk evidence of having cured the deficiency, such as having had a valid drivers license or acquiring a license, tag, or sticker. The clerk or deputy would sometimes advise the Respondent of the defendant exhibiting said evidence, although in other cases the charges were dismissed without the Respondent being so advised. That in all these cases the docket reflects that the defendant was found "not guilty" rather than indicating that the charges had been dismissed. No trial or hearing was held in any of this [sic] cases except on occasion, the defendant may have appeared before the Respondent in open court and exhibited the evidence directly to the Respondent. During the calendar year 1988 approximately sixty-one non-moving violations assigned to the Respondent were found not guilty pursuant to this policy. These cases are reflected by Attachment I-B to the Formal Complaint. Since April 1, 1989, this practice has been ceased. The Respondent was aware of this practice which had preceded him and allowed it to continue so long as he thought it to be lawful even though he never ordered the installation of such a policy. When he learned that it was not lawful in it's application he immediately ordered it's discontinuance.
During the period of time approximately January 1, 1988, and continuing through approximately December 31, 1988 (calendar year 1988), there was an unwritten policy continued from the Respondents [sic] predecessor whereby traffic tickets issued by Officers of the Mississippi Highway Patrol and filed with the Pearl River County Justice Court would be dismissed at the request or with the assent of the issuing officer. These cases were docketed as the defendant having been found "not guilty". The clerks followed a procedure whereby the tickets were presented to issuing officer for his approval and if he agreed the charges were dismissed. However, the docket indicates that the violator was found not guilty. The Respondent was not advised of the request or assent on each ticket. He had no knowledge of the majority of tickets disposed of in this manner. During the calendar year 1988 approximately 102 traffic violations assigned to the Respondent were found not guilty in this manner. No trial or hearing was held in these cases. These cases are reflected by Attachment III-A to the Formal Complaint. The Respondent has instructed the clerks and officers discontinue this practice and it has been halted.
During the period of time beginning approximately January 1, 1988, and continuing through approximately December 31, 1988, (calendar year 1988), there were other traffic violations wherein the defendant was found not guilty by the Respondent and the records of the Pearl River County Justice Court do not reflect that a trial or hearing was held in the case. These include non-moving violations in which the violator exhibited evidence of having cured the deficiency to the Respondent rather than to the clerks, as well as moving violations. During calendar year 1988 approximately 14 cases assigned to Respondent were found not guilty in this manner. These cases are reflected in Attachment IV-B to the Formal Complaint.
During the period of time beginning approximately January 1, 1988 and continuing through approximately December 31, 1988 (calendar year 1988), the Pearl River County Justice Court charged assessments, costs or fees not authorized by statute. In non-moving violations such as "no drivers license", "no tag" and "no inspection sticker", in which defendants were found guilty, they were improperly charged assessments, costs or fees for Emergency Medical (MISS. CODE ANN. § 41-49-61), Drivers Education (MISS. CODE ANN. § 37-25-15) and Justice Court Clerks (MISS. CODE ANN. § 25-7-25). In these cases the Respondent charged the defendants a specified fine plus the costs and assessments; the clerks calculated the assessments. During calendar year 1988 there were approximately *744 thirty-six (36) cases assigned to the Respondent wherein excessive assessments and costs were charged. These cases are reflected by Attachment V-A to the Formal Complaint. The improper assessments have been corrected and appropriate refunds will be issued. During the period of time beginning in or about March 1988, and continuing through the time of the Commission filing its Formal Complaint, June 9, 1989, the Respondent did not sign the criminal dockets of the Pearl River County Justice Court as required by MISS. CODE ANN. § 9-11-11 (1988 Supp.) and MISS. CODE ANN. § 9-11-13 (1972). Prior to the preparation of his Answer in this Inquiry, the Respondent reviewed and signed all of his dockets.
The Respondent has cooperated with the Commission in its investigation of this Inquiry and has taken affirmative steps to correct the problems more fully set forth hereinabove.
During the period of time beginning approximately January 1, 1988 and continuing through approximately December 31, 1988 (calendar year 1988), the Respondent found approximately thirteen (13) defendants not guilty of traffic violations in cases in which a third party contacted the Pearl River County Justice Court and requested help or assistance on the ticket, as reflected by the record of the Pearl River County Justice Court. No trial or hearing was held in these cases, which are reflected in Attachment II-B of the Formal Complaint.

III.

A. WHETHER THE JUDGE'S CONDUCT CONSTITUTES WILLFUL MISCONDUCT IN OFFICE, WILLFUL AND PERSISTENT FAILURE TO PERFORM THE DUTIES OF OFFICE, AND CONDUCT PREJUDICIAL TO THE ADMINISTRATION OF JUSTICE WHICH BRINGS THE JUDICIAL OFFICE INTO DISREPUTE.

1. REQUESTS FROM THIRD PARTIES
The Commission charges Judge Seal with misconduct regarding thirteen (13) defendants whom Judge Seal found not guilty at the request of third parties. The Judge found the defendants not guilty without a trial, without a hearing and without any notice to the officers. In addition to Canons 1, 2 A, 3 A(1), 3 A(4), 3 B(1), and 3 B(2), the Commission asserts that this conduct violates Canon 2 B of the Code of Judicial Conduct of Mississippi Judges. The Commission also characterizes this conduct as "ticket fixing" as condemned in In re Hearn, 542 So.2d 901 (Miss. 1989), and in In re Hearn, 515 So.2d 1225 (Miss. 1987).
Judge Seal testified that two of the tickets at issue were dismissed at the request of justice court judges from other counties. Judge Seal offers no defense other than the fact that he was new to the bench and he did not willfully break the law.
We regard this activity as a serious departure from the conduct expected of a judicial officer. Although we fully appreciate Judge Seal's inexperience and generally good intentions these do not mitigate the seriousness of this transgression. We cannot condone the dismissal of traffic offenses at the request of persons with no prosecutorial responsibility for those charges. We agree with the Commission as to this conduct.

2. NON-MOVING VIOLATIONS
The Commission found fault with Judge Seal's allowing clerical personnel to adjudicate criminal cases, asserting that this conduct violates several canons of the Code of Judicial Conduct of Mississippi Judges including Canons 1, 2 A, 3 A(1), 3 A(4), 3 B(1) and 3 B(2). Additionally, the Commission equates this conduct with "ticket fixing." The Commission relies on In re Hearn, 542 So.2d 901 (Miss. 1989), which holds that ticket fixing includes adjudicating criminal defendants not guilty without a hearing or notice to the officer. Id. at 902.
Judge Seal responds that many courts entertain a policy whereby no fine is imposed when non-moving violations are cured by the violators. The matter is treated as a warning and the warning is reflected *745 in the docket. Judge Seal contends that the theory for this policy is that mere compliance with the law is the Court's desire and not the extraction of revenue, and as long as the policy is pursued in a fashion consistent with the fair and orderly administration of justice as expressed in the Code of Judicial Conduct, the practice is permissible.
Judge Seal does not deny that the misconduct occurred but defends on the basis that the policy complained of was in existence at the time he entered the office of Justice Court Judge and he blindly followed that practice. Had he known the practice was unlawful he would have terminated the policy immediately. Not until the Commission filed its complaint did he learn that there were problems surrounding the practice, and at that time he immediately stopped further such conduct.
We regard this activity as a technical violation that does not rise to the level of "ticket fixing". Nevertheless, such conduct is not to be condoned. Judicial functions are to be performed by judicial officers.

3. NOT GUILTY WITH APPROVAL OR ASSENT OF OFFICER
The Commission also charges Judge Seal with having a standing policy for allowing traffic tickets issued by Mississippi Highway Patrol officers to be adjudicated by the officers and/or the justice court clerk or the deputy clerk. Approximately one hundred and two (102) tickets were dismissed pursuant to this policy. Once an officer filed a ticket with the Pearl River County Justice Court and the ticket was docketed, if someone, including the issuing officer or other officers, wanted the ticket to be dismissed, the clerks would advise the issuing officer. If the officer agreed to dismiss the ticket, the clerk would enter the defendant in the docket as "not guilty." This action occurred absent any trial or hearing.
The Commission notes that although Judge Seal knew of the policy and the fact that traffic tickets were disposed of in this manner, in most cases he knew nothing about the specific case or its disposition. The Commission faults Judge Seal for knowingly allowing the clerks and officers to dispose of the tickets rather than adjudicating the cases himself. The agreed facts stipulate that this policy was another practice carried over from Judge Seal's predecessor.
Judge Seal adds that his logic regarding this practice was that the officers' withdrawal of tickets they issued was the equivalent of their choosing not to pursue the prosecution of the tickets which they had issued. Without the officers' appearances and testimony in court, the offenses would necessarily have to be dismissed for lack of prosecution or lack of evidence. Judge Seal also states that he, being a layman, made no distinction between "not guilty" and "dismissed."
Judge Seal states in his brief that "[o]ne cannot escape the observation that the interest of justice might be better served if these Highway Patrolmen were within the jurisdiction of the Commission on Judicial Performance." This argument has no purpose here. The fact of the matter is that the Mississippi Highway Patrol officers are not "judges" and therefore, they do not fall within the purview of the Commission. The Court's concern here is not with the conduct of the officers but with the conduct of the judges, particularly Judge Seal. He is an elected Justice Court Judge and his conduct rightly falls within the Commission's jurisdiction.
It is judicial misconduct to knowingly allow the clerk to perform a judicial function.

4. OTHER CASES ADJUDICATED NOT GUILTY WITHOUT A HEARING
Judge Seal dismissed fourteen (14) cases comprised of both moving and non-moving violations which were assigned to him by marking "not guilty" upon the court records without any trial or hearing, but merely upon ex parte type proceedings or without any appearance of the defendant at all. The cases which involved non-moving violations usually involved the defendant exhibiting to Judge Seal that he had cured *746 the defect for which he had received the citation rather than showing the clerks. Upon such a showing the judge would find the violator not guilty.[1]

5. SUMMARY
The stipulations of fact also establish other technical violations of the judge's statutory duties. It should suffice to say that judicial misconduct has been amply established and the quest of the appropriate sanction is what is really before the Court.

B. WHETHER THE JUDGE SHOULD BE PUBLICLY REPRIMANDED AND FINED $500 PURSUANT TO SECTION 177A OF THE MISSISSIPPI CONSTITUTION.
Section 177A of the Mississippi Constitution of 1890, as amended, provides that upon recommendation of the Commission, a judge may be removed, suspended, fined, publicly censured or publicly reprimanded by the Court. The Commission has recommended that Justice Court Judge Seal be publicly reprimanded and fined $500. The Commission bases its recommendation upon the allegation that Judge Seal's conduct constitutes willful misconduct in office, willful and persistent failure to perform the duties of the office and conduct prejudicial to the administration of justice which brings the judicial office into disrepute.
We said in In re Quick, 553 So.2d 522 (Miss. 1989):
Willful misconduct in office is the improper or wrongful use of power of his office by a judge acting intentionally or with gross unconcern for his conduct and generally in bad faith. It involves more than error of judgment or a mere lack of diligence. Necessarily, the term would encompass conduct involving moral turpitude, dishonesty, or corruption, and also any knowing misuse of the office, whatever the motive. However, these elements are not necessary to a finding of bad faith. A specific intent to use the powers of the judicial office to accomplish a purpose which the judge knew or should have known was beyond the legitimate exercise of his authority constitutes bad faith ...
Willful misconduct in office of necessity is conduct prejudicial to the administration of justice that brings the judicial office into disrepute. However, a judge may also, through negligence or ignorance not amounting to bad faith, behave in a manner prejudicial to the administration of justice so as to bring the judicial office into disrepute. In re Anderson, 412 So.2d 743, 745 (Miss. 1982) (quoting In re Nowell, 293 N.C. 235, 237 S.E.2d 246, 255 (1977) (emphasis in original); see also, In re Garner, 466 So.2d 884, 885 (Miss. 1985); In re Stewart, 490 So.2d 882, 884 (Miss. 1986); In re Collins, 524 So.2d 553 (Miss. 1987). Moreover, this Court can generally recognize examples of such conduct when presented before the Court. In re Anderson, 412 So.2d at 752 (Hawkins, J., specially concurring).
Id. at 524-25.
This Court has consistently stated on numerous occasions that ignorance of the law is not a valid defense. "When he assume[d] the office of Justice Court Judge in this state, he [accepted] the responsibility of becoming learned in the law." In re Inquiry Concerning Justice Court Judge C.L. Quick, 553 So.2d 522, 526 (Miss. 1989) citing In re Bailey, 541 So.2d 1036, 1039 (Miss. 1989). Likewise, the fact that Judge Seal is a layman is no excuse. Id.
Though he was in office a relatively short period of time and his predecessor began many of the practices in the Commission's complaint, these facts do not mitigate the expansive degree of misconduct perpetrated by Judge Seal to a private reprimand. We agree that Judge Seal's conduct is sufficient to warrant a $500 fine and a public reprimand. Accordingly, we adopt the Commission's recommendation.
AFFIRMED.
*747 ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and PITTMAN, JJ., concur.
McRAE, J., concurs in result only.
NOTES
[1] Regardless, the conduct is improper.