645 So.2d 954 (1994)
MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE
v.
A.J. PEYTON.
No. 93-CC-01380.
Supreme Court of Mississippi.
November 17, 1994.
*955 Luther T. Brantley, III, Jackson, for petitioner.
John S. Holmes, Holmes & Holmes, Yazoo City, for respondent.
En Banc.
SULLIVAN, Justice, for the Court:
The Mississippi Commission on Judicial Performance charged A.J. Peyton, Yazoo County Justice Court Judge, with judicial misconduct, and held a hearing on September 8, 1993. The Commission determined that Peyton had violated the standards of judicial conduct and recommended to this Court that he be fined $2000 and suspended for thirty (30) days without pay.

FACTS
The Commission found by clear and convincing evidence presented at the hearing that, on August 21, 1991, Angela Parks filed a criminal charge against Robert Crockett for burglary of her home. Ms. Parks had given an affidavit to Judge Peyton, and a warrant was issued for Crockett's arrest. A few days later, Crockett went to Judge Peyton and told him that Ms. Parks wanted to drop the charges. Judge Peyton told Crockett to bring Ms. Parks to court the next day to discuss it. Crockett came to justice court, but without Ms. Parks, and again told Judge Peyton that Ms. Parks wanted to drop the charges.
At that point, Judge Peyton called Crockett's aunt, Bernice Crockett Walker, who said that Ms. Parks had told her that she desired to drop the charges.
Upon these communications, Judge Peyton went with Crockett to the justice court clerk's office and had the criminal charges dismissed.
A few days later, Ms. Parks visited the justice court clerk's office to make an inquiry about the pending charges, but found out that they had been dismissed. As Ms. Parks did not want to drop the charges, she immediately executed another affidavit before the justice court clerk, charging Crockett with the same offense.
The following day, September 1, 1992, Crockett attempted to speak with Ms. Parks at her place of employment, but she refused. On the same day, a few minutes later, Judge Peyton and Crockett, in Peyton's car, arrived at Ms. Parks' place of employment. Judge Peyton asked to speak to Ms. Parks, and told her that because she and Crockett could not settle things, they would have a hearing in court the next day at 11:00 a.m.
On the next day, September 2, 1992, Judge Peyton held a preliminary hearing on Crockett's charge of burglary, without a prosecutor present. Judge Peyton found that no probable cause to hold Crockett existed, and he dismissed the charges.
However, later, the charges were brought before a grand jury, which indicted Crockett. Crockett accepted a plea bargain, pleading guilty to burglary.
Peyton argues that he knew neither party before they came to his court, and that therefore he had no personal interest in the outcome of the case. He further testified that when he dismissed the charges, he believed in good faith that Ms. Parks had wanted to drop the charges.

*956 LAW

Judge Peyton is charged with ex parte communications and conduct prejudicial to the administration of justice. This case implicates Section 177A of the Mississippi Constitution and the following Canons of the Code of Judicial Conduct:
Canon 1 (provisions of the Code to be construed to uphold integrity of the judiciary)
Canon 2 A & B (impartiality and avoidance of appearance of impropriety)
Canon 3C (disqualification where impartiality reasonably questioned)
Canon 3A(4) (neither initiate nor consider ex parte or other communications)
It is clear that what Peyton did in the instant case violated the standards of judicial conduct. "For a judge to merely listen to another person involved in pending litigation is a violation of Canon 3 A(4)." Mississippi Comm. Jud. Perf. v. Chinn, 611 So.2d 849, 852 (Miss. 1992).
While this Court gives great deference to the Commission's findings, we are also charged to render independent judgment. Mississippi Judicial Performance Comm. v. Peyton, 555 So.2d 1036 (Miss. 1990), citing, In re Garner, 466 So.2d 884 (Miss. 1985), In re Collins, 524 So.2d 553 (Miss. 1987).
This Court is the trier of fact, and has the sole power to impose sanctions in judicial misconduct cases. In re Quick, 553 So.2d 522, 527 (Miss. 1989).
This Court removed a justice court judge from office for ticket fixing and adjudicating criminal defendants not guilty based on his ex parte communications. In re Hearn, 542 So.2d 901 (Miss. 1989). Judge Hearn was removed from office because he had made 97 not guilty findings without a hearing, and had been fined and reprimanded by the Mississippi Supreme Court about a year earlier. Id. at 902. The fact that Judge Hearn had continued his judicial misconduct after the educational process of one disciplinary proceeding was an important factor in the Court's decision to adopt the Commission's recommendation that he be removed from office. Id.
Mississippi Judicial Performance Comm. v. Gunn, 614 So.2d 387 (Miss. 1993), involved a judge who had fixed eight (8) tickets and refused to hold court during two scheduled sessions. The Mississippi Supreme Court required the judge to be publicly reprimanded, with the reprimand to be read in open Circuit Court, and that he be fined $400.
Judge Peyton has been disciplined by this Court before. Mississippi Judicial Performance Comm. v. Peyton, 555 So.2d 1036 (Miss. 1990). In the 1990 proceeding, the Commission had recommended a public reprimand and a $1000 fine for engaging in political activity. This Court granted the public censure for this charge. The Commission also recommended a private reprimand for Peyton's attempt to obtain assistance from another justice court judge for a friend charged with a traffic violation. This Court agreed that the private reprimand was appropriate for this violation, because it was the only such instance and it had occurred just after Peyton had first become justice court judge. This Court dismissed three other recommendations by the Commission, concluding that though these charges involved some carelessness on Peyton's part, no "guile or deceit, or an exaggerated exercise of authority" had been present. 555 So.2d at 1038.
The Commission in the instant proceeding recommends a $2000 fine and suspension without pay for one month.
Judge Peyton's conduct in the instant case is distinguished from Hearn in that Peyton's conduct involved ex parte communications in a single case, not the great many tickets which Hearn had fixed. Peyton's conduct in his preceding disciplinary case involved political activity and attempting to have another justice court judge dismiss a person's traffic violation. This conduct shows a lack of knowledge of the Rules of Judicial Conduct, which the judge should know. This Court also refused to discipline Judge Peyton for what it called "carelessness." As Judge Peyton has again conducted himself in such a way as to potentially harm parties in litigation before him, the Commission's recommended *957 fine and suspension for thirty days without pay appears well-founded. However, to keep consistency in judicial misconduct proceedings, In re Mullen, discussed below, must be dealt with.
The sanction imposed and the offense may be compared and made consistent with similar cases. In re Bailey, 541 So.2d 1036, 1040 (Miss. 1989).
The Mississippi Supreme Court adopted the Commission's recommendation to fine Judge Chambliss $1000 and to publicly reprimand him in In re Chambliss, 516 So.2d 506 (Miss. 1987). Chambliss had committed several violations of Mississippi law in the area of car tags, which would have required him to be fined. Additionally, on at least three occasions, when Chambliss was stopped for traffic violations, he attempted to intimidate the officers in carrying out their charges against him. During one of these pull-overs, Chambliss resisted arrest, attempted to flee from the officer, and afterwards tried to have the officer removed from his job. 516 So.2d at 507. Chambliss also had initiated an interview with an alleged rape victim, involved himself publicly in political agendas, and refused to pay fines and ignored court orders. Id. at 508. Again, Chambliss' penalty was only a $1000 fine and a public reprimand.
This Court approved a $500 fine and a thirty (30) day suspension without pay in In re Mullen, 530 So.2d 175 (Miss. 1988). Mullen's misconduct consisted of altering the docket book, randomly issuing and stopping garnishments, having ex parte hearings, misleading the public about the existence of a money judgment which substantially affected the rights of parties involved, and preventing a debtor from redeeming property to which he had legal entitlement. Furthermore, Mullen himself purchased that property, and fraudulently placed title to the property in another person's name in an attempt to conceal his purchase. 530 So.2d at 178.
The violations which Justice Court Judge Mullen committed, however, appear more severe than that which Judge Peyton is charged with in the instant case. The penalty Mullen received, $500 fine and thirty day suspension without pay, is about the same as that which the Commission recommends for Judge Peyton's discipline. Comparing the penalty with the misconduct shows an inconsistency, and we think Peyton's penalty should be less stringent than that which the Commission recommended. However, in light of Peyton's prior discipline, it should not be drastically reduced. Additionally, Peyton apparently made affirmative efforts to dismiss serious criminal charges.
In a recent case, Mississippi Judicial Performance Comm. v. Cantrell, 624 So.2d 94 (Miss. 1993), this Court was faced with the Commission's recommendation that Judge Cantrell be publicly reprimanded for trying to use his judicial position to avoid a debt and for issuing a warrant for the arrest of someone involved in the sale of a car. Cantrell and the Commission agreed that the proper penalty was a public reprimand. Though this Court accepted this stipulation, we stated, "The allegations of the complaint, if true, would warrant a much more severe sanction than a public reprimand." Cantrell, 624 So.2d at 97.
Another recent case, Mississippi Comm. on Judicial Perf. v. Ishee, 627 So.2d 283 (Miss. 1993), involved a justice court judge, Mark Ishee, who ran for another political office without resigning from his judicial office. This Court approved a public reprimand and a $5,600 fine. We further stated that had Ishee not won the election, and had remained in his judicial office, this Court would have been compelled to remove him from the office of justice court judge. Ishee, 627 So.2d at 290.
In the instant case, the Commission recommended a $2000 fine and a thirty (30) day suspension without pay. In light of a review of the penalties meted out for misconduct in other cases, we are of the opinion that this recommendation should not be accepted. In lieu of the recommendation of the Commission, this Court finds that Judge Peyton shall pay a fine of $1000.00 and serve a fifteen (15) day suspension without pay.
By the authority of Mississippi Judicial Performance Comm. v. Cantrell, 624 So.2d 94 (Miss. 1993), costs are taxed to Judge Peyton.
*958 THE MOTION OF THE MISSISSIPPI COMMISSION ON JUDICIAL PERFORMANCE TO SANCTION JUSTICE COURT JUDGE A.J. PEYTON IS GRANTED. A.J. PEYTON IS HEREBY FINED $1000 AND SUSPENDED WITHOUT PAY FOR FIFTEEN DAYS.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and PITTMAN, BANKS, McRAE, JAMES L. ROBERTS Jr., and SMITH, JJ., concur.